UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| BRENDA VARONA ARZATE,<br><br>Petitioner,<br><br>v.<br><br>JASON WOOSLEY,<br>Warden of the Grayson County Detention Center, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:26-cv-623-CHB<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on Petitioner's amended petition seeking a writ of habeas corpus under 28 U.S.C. § 2241.[1] [R. 15]. In her petition, Petitioner explains that that she has been in the custody of the Department of Homeland Security ("DHS") since December 16, 2024, and more than sixth motions since her removal proceeding became administratively final. *Id.* at 1. Petitioner therefore argues that her continued detention violates 8 U.S.C. § 1231(a)(6) and her due process rights, as there is no foreseeable possibility of removal at this time. *Id.* In a six-paragraph response, the respondents acknowledge that Petitioner was ordered removed on February 24, 2026, she has been detained for over 650 days, and Immigration Customs and Enforcement ("ICE") "has not yet identified a third country will to accept Petitioner for removal." [R. 10, p. 1]. They appear to acknowledge that, under these circumstances, they bear the burden of demonstrating a significant likelihood of removal in the reasonably foreseeable future, but state that they "have no

[1] By order dated September 30, 2026, the Court denied Petitioner's Motion for Leave to Proceed Under Pseudonym and required Petitioner to file an amended petition identifying herself by her legal name. [R. 12]. However, because the amended petition changed only the caption of the petition, the Court did not require Respondents to resubmit their response, nor did it change Petitioner's reply deadline. *See* [R. 10 (Response)].

other information about Petitioner's likelihood of removal to share with the Court." *Id.* at 1–2. Given this response, and for the reasons set forth below, the Court will grant Petitioner's petition.

A writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In seeking habeas relief, the petitioner bears the burden of proving by a preponderance of the evidence that his or her detention is unlawful. *See Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023); *Lallave v. Martinez*, 609 F. Supp. 3d 164, 171 (E.D.N.Y. 2022).

Because Petitioner is subject to a final order of removal, [R. 1-2, pp. 8–18], Petitioner's detention is governed by 8 U.S.C. § 1231(a). The Supreme Court addressed the detention of such individuals in *Zadvydas v. Davis*, where the Court determined that "indefinite detention of aliens [admitted to the United States but subsequently ordered removed] would raise serious constitutional concerns." 533 U.S. 678, 682 (2001). Accordingly, detention is only permitted where removal of the alien is "reasonably foreseeable." *Id.* at 699. To effectuate this limit, the Court found it "practically necessary to recognize some presumptively reasonable period of detention," and set that period at six months. *Id.* at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the government fails to rebut the alien's showing, the alien is entitled to habeas relief. *Id*

Here, Petitioner's final order of removal was issued on February 24, 2026. [R. 1-2, pp. 8–

18]. Petitioner has been detained more than six months since that date.[2] As such, the Court first asks whether Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. On this issue, Petitioner explains that her order of removal was deferred under the Convention Against Torture, and as a result, she cannot be removed to the country that is the subject of that deferral, or in other words, the country where she is likely to be tortured. [R. 15, p. 6]; *see also* [R. 1-2, pp. 8–18]; 8 U.S.C. § 1208.17(a). However, she may be removed "at any time to another country where he or she is not likely to be tortured." [R. 15, p. 6 (quoting 8 C.F.R. § 1208.17(b)(2))]. But in her case, Petitioner argues, there has been no mention of removal to any third country. *See, e.g.*, [R. 15, p. 2]. The respondents do not dispute any of these assertions and instead concede that "ICE has not yet identified a third country willing to accept Petitioner for removal." [R. 10, p. 1]. Considering these arguments and the undisputed facts, the Court finds that Petitioner has satisfied her burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.

The burden therefore shifts to the respondents to present evidence sufficient to rebut Petitioner's showing. However, the respondents do not attempt to do so. At most, they argue that "ICE's position is that [Petitioner] is still removable and will keep nominating her to third countries for removal. Once a third country accepts Petitioner, her removal will be completed as promptly as possible." *Id.* at 1. As a result, the respondents state that "ICE is not going to release Petitioner unless ordered by this Court to do so." *Id.* And, as noted above, they acknowledge their burden at

[2] Petitioner's removal period began on the date the immigration judge deferred her removal under the Convention Against Torture. *See Conchas-Valdez v. Casey*, No. 25-cv-02469-DMS-JLB, 2025 WL 2884822, at *1–2 (S.D. Cal. Oct. 6, 2025). In this case, the Immigration Judge issued a final order of removal on February 24, 2026, and in that order, he also deferred Petitioner's removal to Mexico under the Convention Against Torture. *See* [R. 1-2, pp. 8–18]. Thus, her removal period began on February 24, 2026.

this stage of the proceedings, but stated that they "have no other information about Petitioner's likelihood of removal to share with the Court." *Id.* at 2. With this response, and on the record before it, the Court finds that the respondents have failed to present sufficient evidence to rebut Petitioner's showing that that there is no significant likelihood of removal in the reasonably foreseeable future. While Respondents need not provide an exact removal date to meet their burden, they present no information whatsoever to suggest that Petitioner will be removed in the near future.

In sum, because Respondents present no concrete facts (or even argument) demonstrating why they expect Petitioner's removal to occur in the reasonably foreseeable future, Respondents fail to rebut Petitioner's showing, and the Court will therefore grant Petitioner's requested habeas relief. Accordingly, the Court having been otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's amended petition seeking a writ of habeas corpus, [**R. 15**], is **GRANTED**.
2. Respondents **SHALL** release Petitioner forthwith from custody and are further **ORDERED** to certify compliance with the Court's order by filing a notice in the record no later than **12:00 PM (noon) on Friday, October 9, 2026**.
3. Respondents are **ENJOINED** from re-detaining Petitioner absent proof of changed circumstances making her removal reasonably foreseeable, unless Petitioner commits a new violation of law that would independently support her detention.

This the 7th day of October, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY